FILED
United States Court of Appeals
Tenth Circuit

June 13, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RONALD PAUL MCALLISTER,

    Defendant-Appellant.

No. 12-5064
(D.C. No. 4:11-CR-00177-CVE-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **MATHESON**, Circuit Judges.


Ronald Paul McAllister pleaded guilty to one count of bank robbery by force

and violence and intimidation. He was sentenced to fifty-seven months in prison.

Although his plea agreement contained a waiver of his appellate rights,

Mr. McAllister has filed an appeal challenging his sentence. The government has

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315

(10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 1327 (quotation omitted).

Mr. McAllister filed a pro se notice of appeal in which he stated that he wanted to appeal his sentence on the ground that his attorney provided ineffective assistance of counsel in the sentencing process. Although Mr. McAllister filed a pro se notice of appeal, he is represented by counsel and his counsel has not filed a motion to withdraw. Mr. McAllister's attorney filed a response to the government's motion to enforce the appeal waiver, stating that there were no grounds to contest the motion.

First, counsel explains that Mr. McAllister's appeal falls within the scope of his appellate waiver because a claim for ineffective assistance of counsel in the

sentencing process does not fall within any of the exceptions to the appeal waiver. *See* Resp. at 3 (explaining that exception to the appeal waiver is limited to an ineffective-assistance claim challenging the validity of the guilty plea or the appeal waiver). Next, counsel states that he cannot dispute the government's conclusion that Mr. McAllister's appeal waiver was knowing and voluntary based on the plea colloquy and the language of the plea agreement. Finally, counsel states that he cannot dispute the government's assertion that enforcing the waiver would not result in a miscarriage of justice.

Counsel does, however, dispute the government's assertion that there is nothing to indicate that Mr. McAllister has received ineffective assistance of counsel in connection with the negotiation of the appeal waiver. As counsel explains, such an argument is premature because the record has not been developed and it is the general rule in this circuit that ineffective-assistance claims should be brought on collateral review. *See id*. at 5 (citing *United States v. Porter*, 405 F.3d 1136 (10th Cir. 2005)). Counsel contends that, consistent with his plea agreement, Mr. McAllister retains the option to file a 28 U.S.C. § 2255 motion claiming that he received ineffective assistance of counsel in connection with his guilty plea or appeal waiver.

We agree with counsel that there is no basis for Mr. McAllister to contest the government's motion to enforce. We also agree with counsel that the appeal waiver does not bar Mr. McAllister from seeking collateral review of a claim for ineffective

assistance of counsel in connection with his guilty plea or appeal waiver. *See Porter*, 405 F.3d at 1144; *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.

<div style="margin-left: 50%;">
Entered for the Court
Per Curiam
</div>